Edward G. Baker, J.
Petitioner, an attorney at law, moves to vacate a subpoena duces tecum issued to him by the Judicial Inquiry calling for the production of all of his financial records for four years. The subpoena was issued on November 15,1957, returnable at the Additional Special Term on November 20, 1957. Protracted litigation limited to the issue of the particular forum where such a motion should be heard accounts for the delay in the hearing upon the merits of this application. On March 30, 1959, that issue was finally resolved by the Supreme Court of the United States when that court denied petitioner’s application for a writ of certiorari (Anonymous [No. 1] v. Mart, 359 U. S. 953).
Petitioner contends, inter alia, that the subpoena is so broad and sweeping in its terms as to be unjust and unreasonable that it entails a “fishing expedition ”; that it constitutes an unlawful search and seizure; that the relevancy of the records sought has not been established; that the Justice presiding at the Additional Special Term is acting as both Judge and prosecutor; that to compel compliance with the subpoena would be violative of petitioner’s rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.
Substantially all of the arguments here urged were advanced in connection with similar motions to quash subpoenas duces tecum served by this inquiry upon other attorneys. The motions, made in the first instance in the Appellate Division, were denied and the subpoenas sustained (Matter of Anonymous [No. 14] v. Arkwright, 7 A D 2d 874, motion for leave to appeal to the Court of Appeals denied 5 N Y 2d 710, cert, denied 359 U. S. 1009; Matter of Anonymous [No. 2] v. Arkwright, 7 A D 2d 735).
Insofar as they relate to business records, the subpoenas challenged in the cases cited are practically identical in form with that with which we are here concerned. To that extent, the decisions there appear to this court to be dispositive of the issues here raised, including that of relevancy.
The question of the validity of the subpoena, insofar as it directs the production of petitioner’s personal financial records, remains to be determined.
This inquiry was initiated by order of the Appellate Division upon petition of the Brooklyn Bar Association which alleged that there were grave abuses at the negligence Bar consisting of unethical and improper practices upon the part of certain attorneys engaged in contingent fee negligence cases. The inquiry is a quasi-administrative, nonadversary proceeding ending in no judgment or decree and establishing no right *493 (People ex rel. Karlin v. Culkin, 248 N. Y. 465, 479). It is simply a preliminary investigation into the practices of attorneys at the negligence Bar, an inquiry clearly within the power of the Appellate Division to direct (Judiciary Law, § 90, subds. 2, 6). Its very purpose is to discover and procure evidence relevant to the subject matter of the inquiry — to ascertain whether the abuses alleged in the petition do, in fact, exist — not to prove a pending charge or complaint. No accusations of misconduct, general or specific, have been made against petitioner; nor is any such charge or accusation necessary to support the subpoena here challenged. “ The requirements of the law as to the formulation of a charge are inapplicable to an inquisition in advance of the preferment of the charge ” (People ex rel. Karlin v. Culkin, supra, p. 470). Relevancy of the records sought, in the sense urged by petitioner, need not be shown.
The order of the Appellate Division clearly contemplates that all phases of an attorney’s conduct be investigated for the purpose of ascertaining facts relevant and material upon the question whether or not the practices mentioned in the order have been indulged in by the attorney under investigation. For reasons that should be obvious, it would be unrealistic to say that petitioner’s personal financial records can have no possible relation to the legitimate ends of the inquiry.
The motion is denied and the petitioner is directed to comply with the subpoena duces tecum by producing the financial records called for before the Additional Special Term on June 26, 1959, at 10:00 a.m. Settle order.